## HENRY v. TRAVELERS' INSURANCE CO. ET AL.

1. DISMISSAL FOR NON-COMPLIANCE WITH RULES.— An application to dismiss a proceeding in this court for non-compliance with the rules respecting briefs must be made and insisted on in apt time.

2. Application to Intervene, Reviewable on Error.— The denial of an application to intervene is a final judgment as to the petitioner which may be reviewed in this court upon writ of error.

3. Application to Intervene, How Determined.— In determining whether an application to intervene should be allowed, the averments of the petition, so far as the same are well pleaded, must be taken as true.

4. What Interest Entitles a Party to Intervene.— The interest which entitles a person to intervene in a suit between other parties must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment.

5. Parties to Foreclosure Proceedings.— Where bonds are secured by deed of trust, the trustee, if acting in good faith and as an impartial representative of all the bondholders, is the proper party to control foreclosure proceedings to secure payment of the bonds. Nevertheless, a person holding certain of the bonds, and owning an interest in the property sought to be subjected to their payment, is entitled to intervene for the protection of his interests, when it is shown that the trustee is not acting in good faith and that the litigation is being conducted upon a false and fraudulent basis prejudicial to his rights.

*Error to District Court of Rio Grande County.*

The pleadings in this cause are very voluminous, containing over two hundred folios. A brief summary of them will suffice for an understanding of the opinion.

The Travelers' Insurance Company, plaintiff, hereinafter called the Insurance Company, commenced this action as the holder of certain bonds executed by the Citizens' Ditch and Land Company, hereinafter called the Ditch Company. The bonds were secured by a deed of trust to Gustavus F. Davis, as trustee, upon the property of the Ditch Company. The Ditch Company and Davis were made parties defendant. The object of the action was to secure the appointment of a receiver to take charge of the mortgaged property, and for other relief, the plaintiff alleging that the Ditch Company was insolvent, and that its property was deteriorating and going to waste for lack of funds to keep it in repair, whereby the security for the bond was greatly impaired.

The defendant, Davis, appeared and filed a cross-com-

plaint, in which he alleged that he had not been derelict in any of his duties as trustee; that he had not been called upon by any of the bondholders to institute proceedings in their behalf, and had not refused to act in their interest. He further alleged that the indebtedness secured by the trust-deed was due and unpaid. He prayed for a fore-closure of the trust-deed and for the sale of the property, and that he be allowed to control the suit in the same man-ner as if it had been brought by him originally as plaintiff.

The Insurance Company and the Ditch Company each filed its answer to the cross-complaint of Davis, trustee, admitting all the allegations thereof to be true.

Before final judgment or decree was rendered in the cause, Theodore C. Henry appeared and presented to the court his petition as intervenor. The petition sets forth circumstantially and with great particularity the alleged equities of said Henry in the subject-matter of the original suit.

Among many other matters, the petition states in sub-stance that the whole issue of the Ditch Company bonds sought to be foreclosed amounted to $200,000, par value; that the petitioner, Henry, is the owner of $10,000 thereof; that he is also the owner of a majority of the stock of the Ditch Company, and had pledged the same as security for advances made to him or to the Ditch Company, or for other purposes.

That said issue of $200,000 was made for the purpose of paying a former issue of bonds of the par value of $100,000, and certain other indebtedness against the Ditch Company, including certain mechanics' liens against its property.

That certain of this indebtedness was due to the Insur-ance Company for advances made to the Ditch Company; and that the Insurance Company had agreed to receive and had received bonds of the $200,000 issue in full payment for such advances, and had agreed in consideration thereof to discharge the debts and liens aforesaid; and that upon the faith of this agreement said Henry had accepted ten

bonds of the new issue in exchange for a like number of the old.

That said mechanics' liens were second liens under the first deed of trust, but became first and prior liens to the second deed of trust, unless paid and discharged as agreed by the Insurance Company.

The petition then charges that, notwithstanding the Insurance Company had been thus paid in full and had agreed to have said mechanics' liens paid and discharged, nevertheless, in fraud of the rights of the Ditch Company and of Henry, and in violation of its agreement, it had not caused said mechanics' liens to be discharged, but had proceeded to sell the stock of the Ditch Company owned by said Henry, but pledged as collateral as aforesaid to the debts thus paid.

That by this means the Insurance Company had obtained control of the Ditch Company, its officers and agents, and by fraud and collusion with them had procured false and fraudulent judgments to be rendered against the Ditch Company to the amount of about $90,000, on account of claims and obligations of the Ditch Company already paid by its acceptance of bonds of the $200,000 issue, as above stated.

That the conduct of the Insurance Company in keeping and maintaining of record its said false and fraudulent liens and judgments against the Ditch Company is greatly prejudicial to the credit of the latter company, rendering it powerless to pay its debts or to carry on its business, and greatly injurious to the interests of said Henry.

The petition further charges that said Gustavus F. Davis, trustee as aforesaid, is the vice-president of the Insurance Company, and is acting wholly under its direction and under the advice of its attorneys in conducting this litigation, and is not a fair and impartial person to act as trustee in the premises. Similar charges are also made against the receiver, who had been appointed in the action on the application of the Insurance Company.

It was further claimed in. the petition that it would be inequitable, unjust and damaging to the interests of said Henry and of the Ditch Company to permit a sale of the property to take place while judgments and liens are standing of record against the same which have been actually paid as aforesaid.

The petitioner prayed that the matters aforesaid might be fully ascertained, and that an accounting might be had concerning the indebtedness of the Ditch Company before rendering a decree foreclosing the trust-deed and directing a sale of the property of the Ditch Company to pay its debts.

Upon consideration of the petition in connection with the other pleadings in the action, the court rendered judgment denying Henry's right to intervene. Error is assigned upon this action of the court.

Mr. J. P. BROCKWAY and Messrs. TELLER & ORAHOOD, for plaintiffs in error.

Mr. CHARLES H. TOLL, Mr. D. V. BURNS and Messrs. WOLCOTT & VAILE, for defendants in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

We shall notice *in limine* some of the formal objections presented by counsel for defendants in error.

*First.* It is urged that we should dismiss the writ in this case for the reason that plaintiff in error has failed to file a printed brief as required by the rules of this court. The brief filed is merely type-written; it is very imperfect and unsatisfactory; it has been of very little assistance to us in the investigation of the questions involved in the record. If a motion to dismiss for non-compliance with the rules in respect to briefs had been insisted upon in apt time, it might have prevailed. Briefs need not be lengthy; but they should conform substantially to the rules of the court; and should be full and clear upon the points relied on for reversal.

*Second.* It is contended that the petition of intervention has not been properly made a part of the record. This objection is without foundation. The record shows that the cause came on to be heard on the complaint, cross-complaint, the separate answers of the several parties and the petition of intervention of Theodore C. Henry. The record further shows that upon said hearing all objections and exceptions to the formality or regularity of the offer of said petition were expressly waived by all parties; that upon the denial of said Henry's petition to intervene, exception was duly reserved by the petitioner to such ruling and judgment. The bill of exceptions containing the several matters aforesaid, including the petition of intervention, is signed and sealed by the presiding judge; and the same is regularly certified under the seal of the court.

*Third.* It is insisted that there is no final judgment in this case to which a writ of error will lie. This objection is not tenable. Upon the entry of the judgment or order denying Henry's application to intervene, the cause was finally determined as to him; and, unless he be entitled to a writ of error from this court, he ·is precluded from any review of such judgment. *D. & N. O. R. R. Co. v. Jackson,* 6 Colo. 340; *Curtis v. Lathrop,* 12 Colo. 169.

The petition of intervention having been presented in due form and in apt time, the question for our consideration is: Does the petition set forth a state of facts in relation to the parties and the subject-matter of the litigation entitling Henry to be made a party to the action as an intervenor? This question must be determined from a consideration of the matters set forth in the petition taken in connection with the other pleadings and proceedings in the action. In determining this question, whether upon application to file the petition, or upon motion to strike out the petition, or upon demurrer to the petition for insufficiency, the averments of the petition, so far as the same are well pleaded, must be taken as true. Mere uncertainty or ambiguity in the averments of the petition should not be held sufficient

to defeat the right of intervention without giving the usual opportunity to amend.

The Code of Procedure of this state, section 22, provides: "Any person shall be entitled to intervene in an action who has an interest in the matter in litigation, in the success of either of the parties to the action, or an interest against both."

In *Horn v. The Volcano Water Co.*, 13 Cal. 69, a lucid construction is given to this section by Mr. Justice Field, as follows: " The interest which entitles a person to intervene in a suit between other parties must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment."

The petition in this case states that Henry is the owner of ten of the Ditch Company bonds, of the par value of $10,000, secured by the deed of trust sought to be foreclosed; that he is the owner of a majority of the stock of the Ditch Company; and that he is unable to appear and defend in behalf of the Ditch Company by reason of the fraudulent conduct of the Insurance Company in acquiring the actual control of his Ditch stock, and thereby obtaining control of the Ditch Company, its officers and agents. That the Insurance Company, by fraud and collusion with the officers of the Ditch Company, controls its affairs, including the management of this cause, to which the petitioner seeks to be admitted as a party.

Undoubtedly, Davis, the trustee named in the deed of trust sought to be foreclosed, if acting in good faith and as an impartial representative of all the bondholders, might properly be admitted as a party to the action commenced by the Insurance Company, and allowed to control the litigation for the purpose of foreclosing the deed of trust, selling the property, and making application of the proceeds to the payment of the bonds thereby secured. Jones on R. R. Securities, sec. 436; Jones on Mortgages, sec. 1385; *Campbell et al. v. Railroad Co.*, 1 Woods, 368. But the

action was instituted for additional objects and purposes; besides, the good faith and impartiality of Davis as trustee are directly challenged by the sworn petition of intervention as presented. The complaint avers that the Insurance Company accepted and holds $190,000 of the bonds of the Ditch Company, par value, parcel of the $200,000 issue, not as owner, but as collateral to secure its former claims and liens against the Ditch Company; the petition of intervention, on the contrary, alleges that all such claims and liens had in fact been paid and discharged by the Insurance Company's acceptance of said bonds as its own property and not as collateral. A sharp issue upon this material question was thus presented for adjudication by the petition of intervention.

The Ditch Company, being a party to the action, might ordinarily be depended upon to defend against an attempt to obtain judgment against it and against its property to the amount of $90,000 in excess of all just demands, and on account of claims and liens which had already been paid and discharged. But the petition shows that the parties seeking to obtain such judgment had fraudulently obtained control of the Ditch Company, its officers, agents and attorneys, so that it would neither make nor undertake to make such defense. Under such circumstances, it is plain that the petitioner, Henry, being the owner and holder of $10,000 of the bonds sought to be foreclosed, and also being the owner of a majority of the stock of the Ditch Company, and so an equitable owner of the larger part of the property which plaintiff was thus seeking to subject to false and fraudulent claims, liens and judgments, had a direct and immediate interest in the matter in litigation, and that he must be directly affected by the legal operation of the judgment sought to be obtained in the action. Hence, under the code, as well as upon principles of equity and justice, he was entitled to intervene. Story's Eq. Pl., sec. 72 *et seq.; Galveston R. R. Co. v. Cowdrey,* 11 Wall. 459; *Grain v. Aldrich,* 38 Cal. 514.

The averments of the petition in reference to a former suit pending in the United States circuit court are undoubtedly material and relevant to this action. It is shown that both Henry and the Insurance Company are parties to such former suit; that the suit concerns the same subject-matter as this litigation; that an interlocutory decree has already been rendered in the circuit court declaring the existence of the contract between the Insurance Company and the Ditch Company, as alleged in the petition; that an accounting concerning the bonds held or owned by the Insurance Company has been ordered; and that such accounting is now being carried on. But we cannot undertake to determine definitely the effect of the suit pending in the federal court; for by the lapse of time the *status* of the matters thus pending may have greatly changed; and the petition of intervention may require alteration or amendment in respect thereto, and perhaps in respect to other matters also.

It is urged that Henry should not be allowed to delay the foreclosure of the trust-deed, and thus postpone the rights of other bondholders, in order to enable him to litigate his controversies with the Insurance Company. This objection has little force in view of the fact that the record shows that there are no other bondholders save Henry and the Insurance Company; and that they are the only real parties in interest so far as a recovery of the bonded indebtedness of $200,000 is sought in the action. No other bondholders, therefore, can be delayed or inconvenienced by the litigation of the matters presented in the petition. Besides, as we have seen, the owners of the Ditch stock, of which Henry held the greater share, are directly interested in having the property of the Ditch Company protected against the false and fraudulent liens as alleged in the petition; and to secure such protection they must either litigate the same in the foreclosure suit or await the determination thereof in the federal court.

The district court should not have denied Henry's application to intervene, but should have ruled the other parties

to the action to answer the petition as they should be advised, and should have allowed the parties to the record to try the matters thus put in issue. The judgment of the district court in denying such application is accordingly reversed, and the cause is remanded for further proceedings in conformity with this opinion.

*Reversed.*

MR. JUSTICE HAYT, having determined this application in the court below, did not sit at the hearing in this court.