MOREY, APPELLANT, v. LETT ET AL., APPELLEES.

1. INTERVENTION.
Any one who is ultimately and actually interested in the result of a liti-
     gation may intervene and become a party to the action.
2. SAME—TERMS.
Where one is entitled to an interest in the judgment which may be re-
     covered in an action, he should be allowed to intervene, but upon
     such terms with respect to costs and expenses in the prosecution
     of the action as the circumstances may warrant.

*Error to the District Court of Arapahoe County.*

Messrs. TELLER & ORAHOOD and Mr. C. M. KENDALL, for appellant.

Messrs. ROGERS & McCORD, Messrs. SULLIVAN & MAY, and Messrs. FOWLER & DOUD, for appellees.

CHIEF JUSTICE HAYT delivered the opinion of the court.

This is the sequel to the case of *Morey v. Harvey*, recently decided in this court (*ante*, p. 40). In that case Morey recovered in the court below a judgment for $1,500, as a commission for the sale of real estate. This judgment was reversed in this court at the instance of Morey, in whose favor the judgment was rendered. The present case was commenced in the court below by a petition of intervention filed in the suit of *Morey v. Harvey*.

In the petition the contract between Morey and Harvey for the sale of certain real estate is set forth, and it is alleged that there was then due upon said contract, as a commission, the sum of $5,000. The petitioner further avers that he was a partner of Morey in the transaction, and that he aided in procuring the sale of the property in question; that this was done at the instance of both Harvey and Morey, and that he was promised, for his services in this behalf, one half of any commission that might be earned. In the court below the main issue was first tried. Afterwards the issues upon the intervention were tried, resulting in a judgment for the intervenor for one half of the amount awarded to Morey. To reverse this latter judgment Morey brings the case here by appeal.

It is claimed that the intervenor has no such interest in the matter in litigation as entitles him to intervene in this action; that at most he is a mere creditor of Morey. Let us see if this is true. The petition alleges, and the evidence tends to show, that Morey first placed the property in the hands of Lett, the intervenor, for sale, and that when Morey was brought into the transaction an agreement was made

between Morey and Lett by the terms of which they were to act together, and divide any commission that might be earned.

The terms of this agreement were communicated to Harvey, the owner of the property, by Morey, and the arrangement seems to have been satisfactory to all the parties concerned. The privity between Lett and Harvey in the contract is fully established. In fact, Morey and not Harvey is the party who now seeks to be released from such agreement. Our civil code provides that "Any person shall be entitled to intervene in an action who has an interest in the matter in litigation, in the success of either of the parties to the action, or an interest against both * * *." Code (1887), sec. 22.

Here the intervenor alleges, and the district court has found, that he is equally interested with the plaintiff in the cause of action set up in the original complaint against the defendant. Under the circumstances it would seem to be to the interest of all parties to have their respective rights adjusted in one suit. The provisions of our code with reference to interventions are quite similar to those to be found in the codes of both the state of California and the state of Iowa. Mr. Pomeroy refers to these provisions as a distinct type and says:—"It discards entirely all the ancient notions; it goes far beyond the concessions made by the equity courts; it creates, under the title 'Intervention' or 'Intervening,' a new division of the procedure. The fundamental notion is that the person ultimately and really interested in the result of a litigation—the person who would be entitled to the final benefit of the recovery—may at any time, at any stage, intervene and be made a party, so that the whole possible controversy shall be ended in one action and by a single judgment." Pomeroy's Rem. and Rem. Rights (2d edition), sec. 411.

We think the intervenor has shown a state of facts entitling him to intervene and to be made a party plaintiff in the action in accordance with the prayer of his petition. And as the trial court has found, upon sufficient evidence, that he is entitled to one half of any judgment that may be obtained

against the defendant in this action, we see no reason for interfering with the decree in this respect.

As a further result of this decree, however, Lett is declared to be an owner of one half of the judgment theretofore entered against the defendant in favor of plaintiff, and also to one half of any judgment which plaintiff may recover in the case in any court. No provision is made for requiring Lett to pay a fair proportion of the expenses incident to the presentation of the case in this court, or any of the expenses incident to enforcing such judgment as may be hereafter rendered. It. is true, provision is made for the expenses incurred by Morey in prosecuting the suit to judgment in the district court, but any decree, by the terms of which Lett is to have the advantages that may result from the reversal of the judgment in this court, or that may result from a new trial below, that does not require him to share the expenses of such litigation, is manifestly inequitable and cannot be allowed to stand.

The judgment in the main case, in favor of plaintiff, has already been reversed in this court, and this relieves us from an embarrassment that might otherwise arise, from directing a new trial of the issues in litigation between the parties.

In our judgment, the ends of justice will be best subserved by directing the district court, prior to entering upon a new trial, to make the intervenor a party plaintiff, upon the proof already taken, leaving that court to apportion the expenses already incurred, or which may be hereafter incurred in the litigation, as the circumstances may warrant.

The judgment of the district court is accordingly so modified, and the cause remanded.

*Modified and remanded.*