WOOD ET AL. v. THE DENVER CITY WATER WORKS COM-
PANY ET AL.

INTERVENTION.

Two water companies were duly organized for the purpose of supplying
water for domestic and other uses to a certain town and its inhabit-
ants; in an action by one of the companies claiming the exclusive
privilege of supplying water for such purpose, a temporary injunc-
tion was granted restraining the other company from supplying the
water; *held*, that certain residents of said town, under the facts and
circumstances set forth in their petition, were entitled to intervene
and become parties for the purpose of contesting the exclusive
privilege asserted by the plaintiff company.   The case of *Henry v.
Travelers' Ins. Co.*, 16 Colo. 179, approved and applied.

*Error to the District Court of Arapahoe County.*

ACTION in the district court by The Denver City Water
Works Company, plaintiff, against The Citizens' Water Com-
pany, defendant.   Injunctive relief was applied for.

L. H. Wood and others (plaintiffs in error herein) applied
by petition to intervene.   Leave to file their petition was
denied; and thereupon they bring the cause to this court by
writ of error.

The complaint on which the injunction was applied for
(omitting formal parts) was as follows:

" That both plaintiff and defendant are corporations organ-
ized and existing under the laws of the state of Colorado, for
the purpose of supplying the city of Denver, and towns ad-
jacent thereto, and the inhabitants thereof with water for fire,
domestic and other purposes.

" That heretofore, and on, to wit: the 13th day of January
A. D. 1888, the town of Highlands, by its duly authorized
and acting authorities, entered into a certain contract with
The Beaver Brook Water Company, the predecessor of the
plaintiff herein, as will hereinafter more fully appear, and in
and by which said contract it was provided, among other
things, as follows, to wit:

" ' That for and in consideration of the agreements and covenants hereinafter mentioned, to be kept, done and performed by the party of the second part, the party of the first part doth hereby grant unto the party of the second part the sole and exclusive right to construct and erect water works, and lay all necessary pipes, mains and conduits under and along the streets, alleyways, bridges and avenues within the corporate limits of the said town of Highlands, for the purpose of supplying the said town and the inhabitants thereof with water for fire, domestic and other purposes, for the full period of twenty years, from the twenty-fourth day of December, A. D. 1886.'

" That thereafter, and on, to wit: the first Tuesday in April, A. D. 1888, the question of the ratifying of the said contract so made between the town of Highlands by its board of trustees and the said The Beaver Brook Water Company, was duly submitted to the qualified voters of said town of Highlands, and a majority of the voters of said town voting upon said question at said general election, duly voted to approve the same, and that the said contract has since said date been in full force and effect, and is so in full force and effect at the present time.

" That thereafter, and on or about the 3rd day of February, A. D. 1891, the said The Beaver Brook Water Company duly sold, assigned, transferred and set over unto the plaintiff herein, all of its property, both real and personal, together with all rights, privileges and franchises, including the said contract with the said town of Highlands hereinbefore referred to; and that the said sale, assignment and transfer of the said property to the plaintiff, so far as the same pertained to the said contract between the said town of Highlands and the said The Beaver Brook Water Company was thereafter, and on, to wit, the said 3d day of February, A. D. 1891, duly ratified and approved at a regular meeting of the board of trustees of the said town of Highlands, by an ordinance duly ratifying and confirming the said sale and transfer upon certain conditions in said ordinance contained; and that, since

the said sale, assignment and transfer to the plaintiff herein, the plaintiff hath in all matters and things fully complied with the terms and conditions of the said contract, and that the same is at the present time in full force and effect.

"That heretofore and on, to wit: the 4th day of March, A. D. 1890, the board of trustees of the said town of Highlands, by a certain ordinance passed on that date, authorized and permitted the defendant herein, The Citizens' Water Company, to construct a certain line of pipe through the said town of Highlands, upon two certain streets of said town, known as 'Ashland Avenue' and the 'Boulevard.' That the said streets through which the said line of pipe was so authorized to be constructed by the said The Citizens' Water Company, are two of the most populous and thickly inhabited streets of said town, and a large portion of the business houses and residences of the said town being upon said line of pipe and water main; but plaintiff further alleges that it was provided in and by the said ordinance so granting such privilege to the said The Citizens' Water Company, as follows:

"'Sec. 4. Nothing in this ordinance shall be construed as permitting the said The Citizens' Water Company to furnish any water to any of the inhabitants of the town of Highlands, or in any manner interfere with the rights and privileges of The Beaver Brook Water Company, or with its contract between the town of Highlands and The Beaver Brook Water Company, or with any drain, water, or other pipe now laid in any of the streets of said town.'

"And plaintiff alleges that the said line of pipe and water main of The Citizens' Water Company was so laid down and constructed under the authority and permission granted in and by the said ordinance, and not otherwise; and that the said line of water main and pipe is at the present time so laid down and constructed.

"Plaintiff further alleges that heretofore, and on, to wit: the......day of ............A. D. 1891, the plaintiff commenced its certain action herein for a writ of injunction

against the board of trustees and the mayor of the town of Highlands, praying for a writ of injunction enjoining and restraining the said authorities of the said town of Highlands from entering into any contract or agreement whatsoever with the said The Citizens' Water Company for supplying the said town, or the citizens thereof, or any part or portion thereof, with water for any purpose whatsoever, by resolution, ordinance, or in any way or manner authorizing, permitting, or consenting to the said The Citizens' Water Company furnishing or supplying water to the said town, or to the inhabitants thereof, or to any part or portion thereof until the further order of the court in the premises; and that upon said date this honorable court, by its order to that effect, duly ordered the issuance of a temporary writ of injunction and restraining order, as prayed in said bill of complaint; and that the same was duly served upon the said parties designated therein as defendants. That thereafter a motion in said cause was duly made by the defendants therein to dissolve the said temporary writ of injunction and restraining order, which said motion coming on duly to be heard in this honorable court was, after a full hearing thereof, and argument of counsel thereon, and due deliberation by the court thereon, overruled and denied, and the said injunction so issued by this honorable court is at the present time in full force and effect and virtue. That notwithstanding that in and by the said action of this honorable court, the said town and the authorities thereof are absolutely enjoined from authorizing or permitting the said The Citizens' Water Company to supply any of the inhabitants or citizens of the said town with water for any purpose whatsoever, and that, notwithstanding the fact that the said The Citizens' Water Company, in and by the permission granted to it to lay down and construct said line of water main, contracted and agreed that it would not in any way or manner interfere with the rights of the plaintiff, and of The Beaver Brook Water Company, to supply the said town and its inhabitants with water and that it was not permitted by said ordinance to

furnish any water to any of the inhabitants of the said town
of Highlands, yet, nevertheless, plaintiff alleges the truth to
be that the said The Citizens' Water Company, as well as
the authorities of said town, are attempting to evade the
force and effect of the writ of injunction so issued herein,
and to that end the said defendants in said cause, through
the advice and procurement of the said The Citizens' Water
Company, as plaintiff, is informed and believes, on, to wit:
the 13th day of April, A. D. 1891, at a meeting of the said
board of trustees of said town of Highlands, duly adopted
the following resolution, to wit:

"'*Resolved*, That a permit be and is hereby given and
granted to the residents and property owners along the line
of The Citizens' Water Company, on the Boulevard and
Ashland avenue, to dig trenches in and through the said
Boulevard and Ashland avenue for the purpose of discover-
ing the water mains of the said Citizens' Water Company;
*provided*, the said residents enter into a good and sufficient
bond, indemnifying the town for any accidents that may be
occasioned thereby.'

"And plaintiff alleges the truth to be that one of the
grounds upon which plaintiff's original application for an
injunction against the said town of Highlands was granted,
and one of the reasons assigned by this honorable court in
overruling the said motion to dissolve the said injunction, as
to why the said injunction should be maintained, was that
it is not proposed by the said The Citizens' Water Company
to supply all of the inhabitants of the said town with water,
but only such portions thereof as have their residences and
places of business immediately adjacent to the said line of
water mains so already constructed by them, and that the
same, if it were permitted to be done, would result in great
loss, injury and damage to this plaintiff, for the reason that
the said line of pipe of the said The Citizens' Water Com-
pany traverses only the said thickly inhabited streets of the
said town, which said streets are, and always have been, one
of the principal sources of revenue and profit to the plaintiff

in maintaining its entire system and plant of waterworks for supplying the said town with water, whereas said plaintiff, by the terms of its contract with the said town of Highlands, was compelled to extend its mains to any extent which might be ordered by the said board of trustees for the purpose of supplying the said town, or any of its inhabitants, with water; and plaintiff alleges the truth to be that it was the intention of the said board of trustees in passing the resolution hereinbefore set out, and the said defendant company, to indirectly authorize the said inhabitants of the said town of Highlands, having property adjacent to the said line of pipe, to connect with the said line of pipe of the said The Citizens' Water Company, and secure a supply of water for domestic and other purposes therefrom, which would be a direct violation of the terms as well as the spirit and intent of the said injunction so issued as aforesaid.

"Plaintiff further alleges the truth to be that if the same shall be permitted, it will result in great and irreparable loss, injury and damage to the plaintiff, and will thereby nullify and set at naught the spirit and intent of the injunction so issued as aforesaid herein; and plaintiff alleges the truth to be that the said The Citizens' Water Company, notwithstanding its duty in the premises, is proposing to supply the said inhabitants of the said town of Highlands with water in utter disregard and violation of the rights and privileges of this plaintiff under the terms of said contract and ordinance in the premises; and that it will, unless restrained by an injunction from this honorable court, permit the said inhabitants of the said town to connect with its water mains, and to supply said inhabitants with water therefrom, contrary to the terms of the ordinance under which it secured the privilege to construct the said water mains, and contrary to the spirit and intent of the said injunction so issued by this honorable court in the premises.

*      *      *      *      *      *      *      *

"Wherefore, plaintiff prays that a temporary restraining order do issue out of and under the seal of this honorable

court against the said defendant company, its officers, agents and employees, enjoining and restraining them and each of them from permitting or authorizing any of the inhabitants or citizens of the said town of Highlands to connect their water pipes with the said main of the said defendant company so constructed through the said town of Highlands, or from supplying any of such citizens or inhabitants of the said town of Highlands with water from the said water mains, either under contract to pay therefor, or gratuitously, or otherwise, until the further order of the court in the premises, and that upon the final hearing hereof the said injunction may be made perpetual, and for the costs of this action."

A temporary injunction was granted; afterwards certain proceedings were had in the district court by which the defendant company was held guilty of contempt in allowing certain residents and citizens of the town of Highlands to receive water from its mains in violation of the injunction; and thereafter plaintiffs in error presented to the district court their intervention petition as follows:

" Now come your petitioners, L. H. Wood, Frank N. Hosford, G. A. Breon, J. E. Bussy, Theodore H. Thomas, A. H. Warren, J. E. Breon, E. A. Kent, S. S. Kennedy and F. L. McFarland, by their attorney, and respectfully represent to this honorable court, that they and each of them have an interest in the matter in litigation in the above entitled action against both the plaintiff and defendant therein named, and pray that they and each of them may be allowed to intervene in and become parties to the above entitled action, and for cause of intervention your petitioners respectfully represent:

" That they and each of them are citizens of the state of Colorado, and with their respective families reside in the town of Highlands, county of Arapahoe and state of Colorado.

" That the town of Highlands is, and during the five years last past has been, an incorporated town, under the general laws of the state of Colorado.

" That during the two years last past, the plaintiff herein

has been pretending to furnish the inhabitants of the town of Highlands with water for fire and domestic purposes.

"Your petitioners are informed that the plaintiff has a contract with the said town of Highlands, and for certain consideration the plaintiff did bind itself by said contract to furnish the inhabitants of the town of Highlands with a sufficient quantity of good, pure and wholesome water for fire, domestic and other purposes.

"That the plaintiff now claims to have the sole and exclusive right to furnish the inhabitants of the said town of Highlands with water for the above purposes.

"That the defendant and the said town of Highlands both deny said claim of the plaintiff.

"That your petitioners are informed that the plaintiff is endeavoring to enforce its said claim against the defendant herein in the above entitled action, and is endeavoring to enforce its said claim against the said town in a cause now pending in this court, wherein the plaintiff is plaintiff, and George F. Lewis et al. are defendants, which said cause is known by the general docket number of 14,320.

"That your petitioners are informed that the claims of the respective parties to said suits will be fully and finally determined in said causes in the due course of law. But your petitioners are advised by counsel that neither the plaintiff nor the defendant has the sole or exclusive right to furnish the inhabitants of the said town, and in particular your petitioners, with water for the aforesaid purposes, and that upon a final hearing of said causes upon the merits thereof, this honorable court will so determine.

"Your petitioners further represent that during the two years last past and more, the plaintiff has been attempting to supply a portion of the inhabitants of the town of Highlands, among them your petitioners, with water for domestic purposes, at certain established rates, varying according to the number of rooms in their respective houses, and the size of their respective lots, and varying in amount from $15.00 to $30.00 per year.

"That during said time, the water furnished by the plaintiff to your petitioners has at times been wholly inadequate as to quantity, and during nearly all of said time the water furnished by the plaintiffs to your petitioners has been unfit as to quality, except perhaps for irrigating purposes.

"That the water thus furnished by the plaintiffs to the inhabitants of the town of Highlands during the time aforesaid has been impure, unwholesome and unfit for domestic purposes, except for irrigation, and during a large part of said time the water thus furnished by the plaintiff to your petitioners and others has been so vile as to preclude possibility of a comfortable bath.

"That a large portion of the citizens of the town of Highlands, who are obliged to use the plaintiff's water, and (who are able so to do) are and have, during the time aforesaid, been compelled to, and do, and did, buy artesian water for cooking and drinking purposes.

"Your petitioners are advised and believe that if the said plaintiff ever had the sole or exclusive right to furnish water to the inhabitants of the town of Highlands, the plaintiff has forfeited such right by reason of the nonfulfillment of its said contract with the town of Highlands.

"But your petitioners, on information and belief, allege that the plaintiff has not now, and never had, a valid franchise or contract with the town of Highlands for the sole or exclusive right to furnish water to the inhabitants of the said town, and that whatever right or franchise the said plaintiff has, or claims to have, was procured by the plaintiff, or their grantors, by false and fraudulent representations as to quantity and quality of water, it or they agreed and promised to furnish to the inhabitants of the town of Highlands in this, to wit:

"The plaintiff and its grantor agreed to furnish to said inhabitants a sufficient supply of good, pure and wholesome water for all domestic purposes. That upon said conditions, among others, the franchise and contract of the plaintiff

was granted, but at no time since the granting of said franchise has the plaintiff complied fully with the same.

" That both plaintiff and defendant are corporations organized and existing under the laws of the state of Colorado, for the purpose of supplying the city of Denver, and towns adjacent thereto, and the inhabitants thereof with water for fire, domestic and other purposes, and are public carriers of water.

" That on the 4th day of March, 1890, the board of trustees of Highlands authorized and permitted the defendant to construct a line of pipe through the said town of Highlands, upon certain streets of the said town, for the purpose of supplying water to its patrons.

" That said water pipe or main was so laid and constructed in front of the residences and premises of your petitioners, and during the four months last past, the said defendant has been conducting a large quantity of pure and clear mountain water along and through the said pipes, and by and in front of the premises of your petitioners.

" That on the .... day of April, 1891, your petitioners having obtained permission from the said town of Highlands to dig trenches in the streets in front of their respective residences for the purpose of discovering the water main of the defendant company, your petitioners did cause such trenches to be dug, and did lay their private service pipes therein, and did connect said service pipes with the water main of the defendant company, and by means thereof have had, and now have, a large supply of good, pure and wholesome mountain water for their private and domestic uses.

" That your petitioners have expended a large amount of money in the digging of said trenches, in the laying of said service pipes from their respective residences to the water main of the defendant, and connecting the same therewith.

" That your petitioners were impelled to incur and undergo said expense, and procure said wholesome water for the sake of their own health, and the health and convenience of their families.

"Your petitioners further allege, that from the .... day of April, 1891, until the present time, they and each of them enjoyed unmolested the right to use said water carried by the defendant company, but on the 21st day of July, 1891, the defendant company served a notice upon your petitioners in words and figures as follows, to wit:

     "'OFFICE OF THE CITIZENS' WATER COMPANY, }
       "'DENVER, COLORADO, July 21, 1891.   }

"'To MESSRS. G. A. BREON, L. N. WOOD, J. E. BUSSEY, F. L. MCFARLAND, A. H. WARREN, THEO. H. THOMAS, S. S. KENNEDY, E. A. KENT, FRANK N. HORSFORD AND J. C. BREON, residents and inhabitants of the town of Highlands, and

"'To THORNTON H. THOMAS, attorney for the above named residents and inhabitants of the said town of Highlands:

     "'TAKE NOTICE:

"'That in pursuance of an order of the district court of Arapahoe county, made on Monday, the 20th day of July, inst., in the case of The Denver City Water Works Company against The Citizens' Water Company, we will, on Monday next, the 27th day of July inst., cut off and disconnect from our mains in the town of Highlands, all private service and other water supply pipes now connected with our said mains, in the said town of Highlands, and stop all supply of water from our said mains to you, and to all other residents and inhabitants of and in said town of Highlands, unless said disconnections are previously made by you, and by said residents and inhabitants of the said town of Highlands.

     "'Respectfully,
"'(Signed)     THE CITIZENS' WATER COMPANY,
"'(Signed)     By G. G. SYMES,
     "'Attorney for The Citizens' Water Co.'

"Your petitioners further represent to the court, that the said defendant herein, The Citizens' Water Company, now threatens to and will, on the 27th day of July inst., unless

prevented from so doing by this honorable court, cut off and disconnect from their said water main the private service pipe of your petitioners, and shut off the entire water supply of your petitioners.

"That if the defendant company is permitted to cut off the said service pipe, your petitioners will have no means of securing good and wholesome water except by having the same hauled in wagons a long distance, to the great inconvenience and irreparable injury of your petitioners and their families.

"Your petitioners are informed that the order of court referred to in said notice of the defendant company was procured upon the motion and at the instigation of the plaintiff company, and that said order was entered in this cause without notice to your petitioners, and without an opportunity of being heard.

"Your petitioners have no interest in either the plaintiff or defendant company, and they are only interested in obtaining a sufficient supply of good and wholesome water for the use of themselves and their families, and are willing and always have been ready to pay therefor.

"Your petitioners further respectfully represent to this honorable court, that they did not connect their service pipe with the main of the defendant company with the intention or for the purpose of depriving the plaintiff of any of its rights, or of avoiding the payment of any water rent that may be due the plaintiff, but simply for the purpose of securing health and comfort to themselves and their families.

"And your petitioners now hereby offer to pay to the plaintiff, or into court for the use of the plaintiff, the regular annual water rent that your petitioners might have been required to pay to the plaintiff if their respective service pipe had been, since the 1st day of May, 1891, connected with the water main of the plaintiff company, or your petitioners hereby offer to enter into bond with good and sufficient surety to pay, or cause to be paid, to the plaintiff, any and all water rent which may be due or become due to the plain-

tiff, should the courts finally determine the issues in the cases herein mentioned, and the issues raised or to be raised by this petition of intervention, in favor of the plaintiff company.

"Your petitioners further represent that some of your petitioners have heretofore notified the plaintiff company that they were willing to pay to plaintiff, pending the litigation herein mentioned, the amount of water tax which would be required of them if they received their supply of water from the plaintiff company.

"Your petitioners further represent that to allow the defendant company to cut off or disconnect the service pipe of your petitioners from the main of the defendant, would in effect compel your petitioners to undergo and incur great expenses in connecting their service pipe with the main of the plaintiff for the purpose of securing water for irrigating purposes ; and in addition to this your petitioners would be compelled to procure water for cooking, drinking and bathing purposes from other sources, to the great and irreparable injury and inconvenience of your petitioners.

"Wherefore, your petitioners pray that the honorable court may enter an order allowing your petitioners to intervene and become parties to this action.

"And enter an order commanding the defendant to desist from carrying out its said threat to cut off or disconnect the private service pipes of your petitioners from the water main of the defendant company until further order of this court.

"That your petitioners may be permitted to pay into court for the use of plaintiff the amount of all water rent that may be due, and to become due, from time to time, for the use of water for their respective residences, or may be permitted to enter into good and sufficient bond to secure to the plaintiff the amount of water rent due, and to become due, pending the litigation herein, and that the final hearing and determination of the matters in controversy between the plaintiff and defendant, and between the plaintiff and the town of Highlands, the defendant may be perpetually re-

strained from cutting off or disconnecting the private service pipes of your petitioners from the water main of the defendant, and,

" That your petitioners may have such other and further relief as may be agreeable to equity, and for costs of this intervention."

The petition was duly verified.

Messrs. THOMAS & THOMAS, for plaintiffs in error.

Messrs. HARTZELL & PATTERSON, for defendants in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The action of the district court denying petitioners' application to intervene, is assigned for error. The conditions under which a party is entitled to intervene in a civil action by virtue of section 22 of the code, have already received the consideration of this court.

In *Henry v. Travelers' Ins. Co.*, 16 Colo. 179, it was held that " the interest which entitles a person to intervene in a suit between other parties must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." And that " in determining whether an application to intervene should be allowed, the averments of the petition, so far as the same are well pleaded, must be taken as true." See, also, *Morey v. Lett*, 18 Colo. 128, and authorities there cited; also, *Horn v. Volcano Water Co.*, 13 Cal. 62.

From the complaint in this action, as well as from the petition of intervention, it appears that the defendant (The Citizen's Water Company) was organized to supply water for domestic and other purposes to the city of Denver and towns adjacent thereto, and to the inhabitants thereof. From the petition it further appears that petitioners with their families were citizens and residents of the town of Highlands,

a town adjacent to the city of Denver. The petition further shows that petitioners had taken steps to procure from the defendant company a supply of pure water for domestic purposes; that petitioners had expended large sums of money in digging trenches and in laying service pipes connecting their respective residences with the water mains of the defendant company; and further, that they could not obtain a pure supply of water from the plaintiff company.

It is unnecessary to set forth in detail the averments of the complaint, or of the petition. They may be found in the statement preceding this opinion. The injunction suit by the plaintiff company against the town of Highlands, referred to in the complaint and petition, is obviously the same case afterwards reviewed by this court, in which the granting of the injunction against the municipality was held to be erroneous. The pendency of said suit, therefore, can no longer be considered as giving any support to the plaintiff company's claim in this action. See *Lewis, Mayor, et al. v. Water Works Co.*, 19 Colo. 236.

Taking the averments of the petition to be true, it is clear that petitioners did have an interest in the very matter in litigation. It was a matter of vital importance to them whether they were to be permitted to procure a supply of pure water from the defendant company, or whether they were to be prevented from so doing by reason of the exclusive privilege claimed by the plaintiff company. The interests of petitioners were such that they would inevitably lose by the direct legal operation and effect of the judgment which plaintiff sought to obtain in the action. We do not, of course, undertake to determine what the ultimate rights of the petitioners may be in the premises. Such matters can only be determined by making up the issues and by due trial. But the petitioners should have been permitted to file their petition and become parties, and thus secure a standing to contest the exclusive privileges asserted by the plaintiff company, and to contend for their own interests. They were entitled to show their own rights, privileges and necessities, and

have the same considered in connection with all the facts and circumstances pertaining to the matters in litigation.

The judgment of the district court is reversed, and the cause remanded.

*Reversed.*