HENRY BRADLEY *v.* J. A. TROUSDALE et als.

A surety on a tutor's bond has a right to demand the cancellation of the bond, when, without his con-
sent, any of his co-sureties are released by a judgment homologating the proceedings of a family
meeting which consented to the erasure of the name of the co-surety from the bond.

In an action brought by the surety for the cancellation of the bond under such circumstances, both
the tutor and under-tutor should be made parties to the suit.

A judgment cannot be rendered on a petition of intervention which has been filed without leave of the
court, and has not been served or put at issue.

APPEAL from the District Court of the Parish of E. Baton Rouge, *Beale,* J. ·
*Thomas Gibbes Morgan* and *A. M. Dunn,* for plaintiff and appellant.
*J. Duncan Stewart* and *J. P. Greeves,* for defendants.

MERRICK, C. J.  The principal facts in this case are stated by the District
Judge as follows, viz:

" *Mary C. Randolph,* widow of *Adam Kleinpeter,* and natural tutrix to the
children issue of her marriage with said *Kleinpeter,* being about to intermarry
with defendant, *J. A. Trousdale,* caused a family meeting to be called to decide
whether she should be continued in the said trust.  A family meeting was duly
called, and after deliberating upon the subject, decided to retain the tutrix with
her intended husband as co-tutor, upon the condition that they furnished bond con-
ditioned for the faithful performance of their duties.  The required bond was pre-
sented to the Clerk to be accepted.  That officer did not think the bond sufficient,
and rejected it without filing.  *Trousdale* then took the bond, and afterwards
returned with the names of *Henry Bradley, Telesphore Landry, David Robbins,*
(all of the parish of St. Mary,) and *A. Como.*  Before it was the second time
presented for acceptance, *J. A. Trousdale* erased therefrom the name of *David
Robbins,* who died soon after the bond was signed by him and before his name
had been presented for acceptance.  A family meeting was called to decide whe-
ther said bond should be accepted.  Said family meeting accepted the bond as
sufficient, and consented that the name of *Telesphore Landry* be erased from the
bond, and said proceedings were duly homologated."

The tutrix at this time resided in the parish of East Baton Rouge.  She and
her intended husband being unable to give security in East Baton Rouge, it seems
*Trousdale* went to the parish of St. Mary, and there obtained the names of *David
Robbins,* his uncle, *Henry Bradley* and *Telesphore Landry,* three planters in good
circumstances.

*Henry Bradley* sues to have the bond declared null, on the ground that when
he signed the bond, the names of *Robbins* and *Landry* were also attached thereto
as sureties, they being men of means, and responsible for their portions should the
sureties be called upon to pay it; and that the erasure of their names was a
fraudulent act which rendered the bond void as to the plaintiff.

The tutor and tutrix, the under-tutor and co-sureties are made parties to the
suit.  The co-sureties answer, and also pray that the bond may be cancelled.
There was a judgment of nonsuit, and plaintiff appeals.

As the law stood when this bond was signed, the obligation of the surety on
such bond was very onerous, and it may well be supposed that each surety on so
large a bond as this, $36.787, signed with reference to the number and solvency
of his co-sureties.

The sureties on the bond do not stand as sureties for each other in the order in which they sign the bond, but they are *co-sureties,* and any one of them, if compelled to pay the debt, has his remedy against the others for their proportions of the debt. C. C. 3027. Now, when the names of *David Robbins* and *Telesphore Landry* were erased, a new instrument was made, to which *Henry Bradley* never made himself a party, by which his responsibility was made more onerous. On general principles, therefore, the bond was avoided by an alteration in a material part. 2 La. 290, 2 An. 836, 1 N. S. 592, 15 La. 437. It is suggested to us that the bond given in this case is for the protection of minors, and we are reminded that this court has said that it is our duty to see that the formalities which the law has created for their protection should not be used as a means to sanction the waste and destruction of their property. 1 N. S. 62. This is quite true; but it would be a great departure from law and justice to permit frauds to be committed by persons representing minors, to the prejudice of innocent third persons. It is with great difficulty that sureties to tutors' bonds can be obtained under any circumstances, and it would not facilitate this object, to hold that their right of indemnity might be essentially diminished in their absence by striking from the bond the names of their *co-sureties,* on the faith of whom they have been willing to share the responsibility.

It is also urged, that neither the tutor nor the family meeting had the right to release one of the sureties to the bond, and that the bond must be considered as having all the parties to it which it had originally. This is not an open question in this case, for the action of the family meeting releasing Landry was approved by the Judge, and the bond accepted and filed in that form.

The plaintiff had the right to demand that his bond should be cancelled so soon as he was informed of the alteration which had been made in it to his prejudice, and the under-tutor (as well as the tutor and tutrix) was properly made a party to the suit.

The intervention of the co-sureties contained in their answers not having been filed by leave of the court, or served, or put at issue, will not authorize a judgment in their favor.

It will be the duty of the under-tutor, on the rendition of judgment in this case, to take the necessary steps to secure the minors from loss, by calling upon the tutor and tutrix, before the proper tribunal, to give a new bond and security.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed; and it is now ordered, adjudged and decreed, that said tutor's bond bearing date the seventeenth day of December, 1855, signed by said *Mary C. Trousdale* and others, be declared null and void as to the said plaintiff, *Henry Bradley,* and that his signature upon the same be cancelled; and it is further ordered that the demand in intervention be dismissed as in case of nonsuit, and that said tutors pay the costs of both courts.

LAND, J., absent.