## No. 141.

State Ex Rel W. H. Reeder, Provisional Syndic

*v.* Henry L. Lazarus, Judge of Division "E",

Civil District Court, Parish of Orleans.

A defendant or his syndic, as to whom a suit has been discontinued, cannot appeal from a judgment rendered therein.

One desiring to be made a party to a suit by way of intervention or third opposition claiming ownership must do so by petition and citation.

*F. Gilmore & Sons,* attorneys.

*Upton & McConnell,* attorneys.

His Honor Judge Frank McGloin delivered the opinion and decree of the court in the words and figures following, to wit;

Relator, who is provisional syndic of the insolvent estate of Alfred Grivot applies for a *mandamus* against the respondent judge, to compel him to grant an order of appeal in relator's favor from a final judgment rendered in the case of Paul Tulane vs. John C. Donovan & Adolph Grivot, No. 3275, on the docket of said court.

The facts, as we are able to gather them from the pleadings and record presented to us, are as follows: The suit was originally against Donovan and Grivot *in solido*, for $525.00, rent due and to become due, instituted May 5, 1881. On May 6, 1881, Grivot made a surrender of his property, in which surrender it was sought to include the property provisionally seized in this suit of Tulane. W. H. Reeder was appointed in said insolvency proceedings, provisional syndic and in his said capacity filed a motion to transfer said cause, as to Grivot, to the division of said Civil District Court, before which the insolvency proceedings were pending.

On May 30th, Tulane discontinued such portion of his suit as related to rents to become due, thus reducing the controversy to $225.00. On the next day a *remittitur* was entered of $30.00 thus placing the amount involved at $195.00. In the meantime, on the 21st of May, the suit had been discontinued as to Grivot.

Possibly in ignorance of this fact, the syndic, on May 30, 1881 filed in the suit of Tulane, the following document: "And now comes W. H. Reeder, who has been duly appointed provisional syndic in the insolvent estate of A. Grivot, and gives the court to understand and be informed that the property seized herein is the property of said insolvent estate, and was surrendered under proceedings in suit No. 3275 of this court, entitled A. Grivot vs. His Creditors, and that no judgment can be rendered herein affecting the said property ceded by the said A. Grivot, the defendant herein, to his creditors. Wherefore, he prays that said property be delivered up to mover, to be administered in said insolvency proceedings."

Reeder vs. Lazarus.

No order of court appeared, permitting the filing of this document, no notice or citation issued, and so far as we are able to ascertain no trial was had thereon. We are at a loss to perceive upon what ground relator can hope to obtain an appeal in this cause. The discontinuance as to Grivot, put him as his syndic entirely out of the case as defendant, and even had it not been entered, the amount remaining in suit, at the date of the judgment was less than $200.00, which is the lowest limit of our appellate jurisdiction. The syndic is not attempting to appeal as a third person interested under the previous provisions of Code of Practice Art. 571. Even if he had, the amount of the judgment appealed from, or rather of the claim upon which it passed would determine the question of our jurisdiction.

The document in question is not an intervention, for, to be such, it should be by petition setting forth the grounds on which it is supported. Code of Prac. Art. 393.

So this petition should be served upon the party against whom it is directed, and the delay as in ordinary suits should be allowed for answer. C.P. 393. 15 La. Ann. 206. In the same manner, if it were intended as an opposition by a third person, in as much as the claim is not for a superior privilege, but rather for the ownership or custody of the property, involving not simply a distribution of the fund arising from a sale, but seeking to check and defeat the sale itself, under Code of Practice Art. 398, there should have been a petition and citation. We can consider the document filed by relator in said suit of Tulane, on May 30, 1881, in no other light than as an unauthorized paper of a character unknown to the law, according to the one who presented it, having no judicial standing or legal right. If this syndic presents a petition claiming this property and demanding an injunction to restrain the sale thereof upon allegations that it did not belong to Donovan but to Grivot, and claiming that as such it should be delivered to him for sale and distribution among the creditors of Grivot, the authorities by his counsel cited, would undoubtedly apply.

As the matter however is now presented to us, we do not feel that this court has jurisdiction, and we cannot therefore compel the judge *a quo* to grant an order of appeal in the cause.

Petition and application dismissed, at cost of the relator.