JOSEPH M. PERRINE and another

*v.*

WILLIAM D. PERRINE et al.

[Submitted June 9th, 1902. Decided June 19th, 1902. Filed October 11th, 1902.]

After a bill by a judgment creditor to set aside a conveyance of land by the judgment debtor to a third party, on the ground that it was made in fraud of the judgment creditor, and answer thereto and issued joined thereon and reference to a vice-chancellor, it is improper practice (1) to permit other judgment creditors to be made parties complainant in that suit without notice of an application for that purpose to both complainant and the defendant who holds the title and who is alleged to be a fraudu-

Perrine *v.* Perrine.

lent grantee, or consent of both; and, (2) an application to be permitted to be made a party complainant must be made to the vice-chancellor to whom the cause has been referred, and cannot be heard by the advisory master in the clerk's office.

On motion to vacate orders.

This is a bill by a judgment creditor to set aside three several conveyances and one mortgage of several parcels of land made by the judgment debtor, William D. Perrine—two of the conveyances to Sarah M. Perrine, his wife, the other conveyance to his son Samuel E. Perrine and the mortgage to his son Elmer Perrine—on the ground that they are fraudulent as against the complainant's debt.

The original bill was filed January 29th, 1900. A demurrer was interposed in March, 1900. The cause was formally referred to Vice-Chancellor Pitney in May, 1900. The demurrer was sustained in June, 1900. An amended bill was filed in July, 1900. A demurrer to that bill was filed in August, 1900, and was sustained in October, 1900. A second amended bill was filed November 2d, 1900, and a demurrer thereto was filed in December, 1900. That demurrer was stricken out as frivolous, and an appeal was taken from the order striking it out, which was dismissed by the court of errors and appeals; and finally, in May, 1901, answers were filed by Sarah M. Perrine, the wife, and Samuel E. Perrine, the son, to whom the several conveyances were made. No answer was filed by Elmer Perrine, the mortgagee, and a decree *pro confesso* was taken against him.

The cause was referred a second time to Vice-Chancellor Pitney, and the hearing of it set for September 10th, 1901. It was heard on that day and on October 10th and November 11th, 1901, and was argued and decided orally on November 25th, 1901. *50 Atl. Rep. 694.*

The decree declared the conveyance to the son Samuel to be fraudulent as against the complainant, and ordered that the land covered by that conveyance, and also the land covered by the mortgage, which was, in open court, confessed to be fraudulent as against complainant, be sold and the money brought into

Perrine *v.* Perrine.

court. The validity of the two conveyances to the wife was reserved for further consideration.

An appeal was taken by Samuel from that decree on the 10th of February, 1902, and later on an order was made by this court staying the sale of so much of the land as was comprised in the conveyance to the son Samuel.

The master sold the land covered by the admittedly fraudulent mortgage, and it did not produce enough to pay the complainant and another defendant who had acquired rights under the mortgage.

In the months of December, 1901, and January, 1902, five several persons filed their several petitions in this court, entitled in this cause, alleging themselves to be judgment creditors of the defendant William D. Perrine, and asked to be admitted as parties complainant to the suit, which petitions untruthfully stated that the bill was filed for the benefit of complainant and of such creditors as should come in and contribute to the expense of the suit. On the filing of these five separate petitions orders were made admitting each of the petitioners as a party complainant. These orders were signed by the chancellor, on the advice of the advisory master in the clerk's office.

Motion is now made by the defendants Samuel E. Perrine and Sarah M. Perrine to set aside each of those orders as improvidently made, and the solicitor who prepared the orders attended in opposition thereto. The motions were made to the chancellor, who referred them to Vice-Chancellor Pitney.

*Mr. Howard W. Hayes,* for the motion.

*Mr. Adrian S. Appelget, contra.*

PITNEY, V. C.

The petitions and orders are all within the rule laid down in *Iauch* v. *de Socarras, 11 Dick. Ch. Rep. 524,* and are therefore not orders of course. The decision in *Iauch* v. *de Socarras* was not varied or disturbed by the decision in *Morehouse* v. *Kissam, 13 Dick. Ch. Rep. 364.* In the latter case several judgment creditors united in a bill to set aside a conveyance of land on

the ground that it was fraudulent against each of them. And the defendant who held the title attacked had his "day in court," and an opportunity to defend as to each of them. This opportunity to defend as to each judgment is a right of which this court cannot deprive the defendant. It is not necessary, however, to express any opinion as to the merits of the present applications as tested by the rule laid down in *Iauch* v. *de Socarras.* The orders must be set aside, for two reasons.

In the first place, they were made without any notice to either the complainant or defendants, and, as before observed, being orders to which the petitioners are entitled as of course, notice must be given. It is to be observed that the second amended bill, which is the one under which the cause proceeded, does not contain any statement that it is filed for the benefit of all creditors. Hence it cannot be treated as a consent on the part of the complainant for other judgment creditors to come in. In *Iauch* v. *de Socarras* the complainant did consent, in open court, that the other judgment creditors should come in as parties complainant; but the orders were stricken out because the defendant did not so consent. Hence, I repeat, notice was necessary to both complainant and to such of the defendants as hold the title attacked.

The necessity of this notice is manifest when we consider that, in cases like the present, the real defendants are not the judgment debtors, but the holders of the title attacked for fraud, and this title may be judicially determined to be invalid as against the complainant, and, at the same time, to be quite valid as against other judgment creditors of the grantor. *Iauch* v. *de Socarras, supra.* And as between the grantor or settler and the depositary of the title, the proceeds of the sale belong to the holders of the title, so that those proceeds are not necessarily assets which must be applied to the payment of all the judgment creditors of the grantor or settler.

The question whether other judgment creditors can participate in such surplus as remains after paying complainant, raises a distinct issue, which, in my judgment, this court has no power to determine, except after the holder of the title attacked has had an opportunity to be heard upon it, according to the rules

and practice of the court and the fundamental principles of justice.

If, upon proper notice given, and after hearing both the complainant and the defendants, the court should be of opinion that it is a proper case to allow the petitioners to come in as parties complainant, I am of the opinion that the terms upon which they should come in should be settled by the court in the first instance.

In the second place, the orders were made upon the advice of the advisory master—and, of course, without inspection by the chancellor—in direct disregard of Rule 194, which provides that after a cause has been referred to a vice-chancellor, all proceedings therein must be had before him, and hence it was not in the province of another judge to make these orders. It was for this reason that the chancellor declined to hear the present motion.

In this case, as in *Iauch* v. *de Socarras,* the petitions untruly stated that the bill was filed for the benefit of the complainant and all other creditors who chose to come in and contribute to the expense of the suit. As remarked in *Iauch* v. *de Socarras,* I think this statement in a bill entirely immaterial. It can only operate as an invitation by and consent on complainant's part to other creditors to come in. It cannot alter the essential character of the bill, or dispense with the necessity of notice to the defendant whose title is attacked.

The five orders will be set aside and discharged, with costs. I add "with costs" because the solicitor of the petitioners should have known what was the rule as settled in *Iauch* v. *de Socarras,* and the order admitting them was apparently produced by the untruthful statements of the petitions.

I have not overlooked the circumstance that the decree heretofore made in the cause on the merits, so far as it affects Samuel E. Perrine, is appealed from. That appeal leaves undisturbed the power of the court pending the appeal to deal with the proceeds of the sale of the land mortgaged to the other son, and also to deal with the conveyances to the wife. The cause is only partially removed by the appeal, and hence it is unnecessary to consider the power of the court to deal with the present question if the whole cause had been removed.