### ATLANTIC REFINING CO. v. PORT LOBOS PETROLEUM CORPORATION et al.

(District Court, D. Delaware. March 30, 1922.)

No. 433.

1. **Courts ⬅➡343—Petition in intervention may be filed only with leave of the court.**

In view of equity rule 37 (198 Fed. xxvii, 115 C. C. A. xxvii), a petition of intervention may be filed only by leave of the court, and whether permission to file should be granted is to be determined from the allegations

of the petition itself, considered in the light of the other pleadings and proceedings in the cause.

2. **Courts ⟨⟩343—Filing petition to intervene does not make intervener a party.**

Under equity rule 37 (198 Fed. xxvii, 115 C. C. A. xxvii), the filing by leave of the court of a petition to intervene as a party in a pending suit does not make the petitioner a party, but the original parties are entitled to be heard on the question of his admission, and on filing his petition he should obtain an order of notice to them and have the petition set down for a hearing, which hearing should be followed by an order denying or granting leave to become a party.

3. **Courts ⟨⟩343—Petition in intervention must affirmatively show interest of intervener and necessity for protection.**

A petition to intervene in a pending cause must, under equity rule 37 (198 Fed. xxvii, 115 C. C. A. xxvii), affirmatively show that the petitioner has an interest in the litigation and that his intervention is reasonably necessary to the protection of his interest.

4. **Courts ⟨⟩343—At hearing on intervention, well-pleaded averments of petition are taken as true.**

At the hearing on a petition to intervene in a pending cause, well-pleaded averments of the petition, construed in the light of other proceedings in the cause, are to be taken as true, and affidavits in opposition to the right to intervene and counter affidavits in reply thereto are not to be considered, in view of equity rule 37 (198 Fed. xxvii, 115 C. C. A. xxvii), providing that any one claiming an interest in the litigation may be permitted to assert his right by intervention.

5. **Corporations ⟨⟩506—Equity ⟨⟩114—Persons already represented by party may become parties against plaintiff's objection; "quasi parties."**

The rule that a stranger to a suit will not be permitted, on his application and over the objection of plaintiff, to become a defendant, is subject to exception where the person who seeks to be made a party defendant belongs to the class known as quasi parties; that is, those who are already represented in the suit, or come within the compass of the proceedings, such as stockholders in a corporation, who are recognized as having such a status that the court may, on proper showing, make them parties defendant, notwithstanding objections of plaintiff.

6. **Corporations ⟨⟩206—Stockholders can defend, where directors refuse to.**

Where it is alleged that the directors of a defendant corporation refuse to defend a suit to the prejudice of the stockholders, equity will permit one or more stockholders to intervene and become a party defendant, to protect their own interest and that of all other stockholders who may choose to join them in the defense.

7. **Corporations ⟨⟩401—Common control does not prevent valid dealings between corporations.**

Corporations controlled and managed by the same officers and stockholders have a right to deal with each other, and the directors are presumed to act honestly and according to their best judgment for the interest of all.

8. **Equity ⟨⟩114—Definite tangible facts showing fraud must be alleged by petition in intervention.**

A petition in intervention founded on fraud and misconduct, which does not allege definite tangible facts to sustain the same charge of fraud, is insufficient.

9. **Corporations ⟨⟩506—Petition by stockholders for leave to defend suit against corporation must allege facts constituting defense.**

A petition by a stockholder, asking leave to be made a party defendant to set up a defense not made by the corporation, must disclose the facts constituting the defense.

10. **Pleading** ⊕⇒8(3)—**Conclusions of law, not supported by facts, will be disregarded.**

Allegations in .petition in intervention by stockholder of defendant corporation that the directors of the defendant were controlled by the plaintiff, to its benefit and to the detriment of the minority stockholders of defendant, are conclusions of the petitioner, which must be ignored, where allegations of fact from which the court may draw its conclusions in the matter are wholly wanting.

11. **Corporations** ⊕⇒506—**Petition by stockholder to intervene and defend suit against corporation held insufficient.**

In a suit against a corporation to restrain violation of a contract, petition by stockholder of defendant corporation for leave to intervene and defend, which merely stated that intervener intended to present by answer facts showing that the contract was no longer in force, or, failing in that, facts showing a different construction should be placed on it than was placed thereon by a subsequent agreement, does not allege facts indicating whether the defenses are frivolous or substantial, and is insufficient.

In Equity. Suit by the Atlantic Refining Company against the Port Lobos Petroleum Corporation and the Atlantic Lobos Oil Company. On petition of Marcel Denis to intervene for the protection of his rights as stockholder of the Atlantic Lobos Oil Company. Petition dismissed.

Ira Jewell Williams, of Philadelphia, Pa., and Charles F. Curley, of Wilmington, Del., for plaintiff.

William G. Mahaffy, of Wilmington, Del., and Winthrop Dwight, of New York City, for defendants.

Andrew C. Gray and Herbert H. Ward, both of Wilmington, Del., and Alexander B. Siegel, of New York City, for petitioner.

MORRIS, District Judge. The Atlantic Refining Company filed its bill of complaint against Port Lobos Petroleum Corporation and Atlantic Lobos Oil Company (hereinafter called the Oil Company), asserting that, under a contract of October 5, 1916, and supplements thereto, the plaintiff is possessed of certain rights with respect to the transportation and delivery of fixed quantities of oil through the pipe lines of the defendants at a specified price, charging that the defendants threaten, unless restrained, to exclude from their pipe lines oil that plaintiff is entitled to have transported and delivered, and praying injunctive relief. The defendants appeared and filed an answer, .alleging that the contracts in question do not confer upon the plaintiff a right to the transportation and delivery of the full amount of oil to which plaintiff asserts it is entitled. Thereupon Marcel Denis presented to the court his verified petition, praying that he be permitted to intervene as a defendant on behalf of himself and others similarly situated, that he be permitted to file an answer on behalf of the Oil Company, and that he have general relief. The allegations of the petition upon which its prayers are based are that the petitioner is a stockholder of the Oil Company, that in presenting the petition he acts on his own behalf and on behalf of a group of minority stockholders of the Oil Company, that the plaintiff and its officers are the owners of the majority of the shares of the capital stock of the Oil

⊕⇒For other .cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Company, and that a majority of the directors of the latter company are designated by the plaintiff from persons directly connected with or controlled by the plaintiff. A further allegation is that the petitioner—

"intends to present by answer facts calling for the entire abrogation of the contract of October 5, 1916, upon the continued existence of which the claim of plaintiff to relief depends, and also intends to show facts which, granted the continued existence of said contract, requires a different construction from that given it by the so-called agreement of December 27, 1920, coercively and improperly entered into as aforesaid, and the majority of votes for which were cast by directors who were directly interested in and some of whom were directors of the plaintiff."

Leave to file the petition was granted and the petition filed. Thereafter, on motion of the petitioner, an order was entered setting the petition down for hearing on a specified day, and directing that the clerk of the court mail to the plaintiff and the defendants, or their solicitors of record, copies of the order and of the petition. An answer to the petition was filed by each of the parties to the cause. To the answers the petitioners sought to file an affidavit in the nature of a verified replication. This was objected to. That objection makes it necessary to ascertain the proper procedure upon a petition for intervention, and particularly what the record at the hearing to determine the right of a petitioner to be made a party to a cause may consist of.

[1] While I find most helpful notes upon the general subject of intervention in Ann. Cas. 1913D, 1031, and 123 Am. St. Rep. 280, an instructive essay thereon by Mr. Edward C. Eliot in 31 Am. Law Rev. 377, and a discussion of the subject in Foster's Federal Practice, vol. 2, p. 1283 et seq., 21 C. J. 341, and 20 R. C. L. 682, I fail to find therein or in the reported cases a well-settled answer to the question here presented. Certain steps in the procedure are, however, reasonably well fixed. A petition of intervention may be filed only by leave of court. Stone v. Ingham, 105 Mich. 234, 63 N. W. 79. Bradley v. Trousdale, 15 La. Ann. 206; Equity Rule 37 (198 Fed. xxvii, 115 C. C. A. xxvii). Whether permission to file the petition should or should not be granted is to be determined, I take it, from the allegations of the petition itself considered in the light of the other pleadings and proceedings in the cause.

[2] The mere filing of the petition pursuant to leave does not make the petitioner a party to the cause. The original parties are entitled to be heard on the question of his admission, and, upon filing his petition, he should obtain an order of notice to them and have the petition set down for a hearing. Doyle v. New York & N. E. R. Co., 14 R. I. 55; Perrine v. Perrine, 63 N. J. Eq. 483, 52 Atl. 627. The hearing upon the petition should be followed by an order denying or granting leave to the petitioner to intervene and become a party. A form of an order granting such leave is set out in Ex parte Jordan, 94 U. S. 248, 24 L. Ed. 123. After a petitioner becomes a party, he stands to all intents and purposes as if he had been an original party to the suit. Eastmore v. Bunkley, 113 Ga. 637, 39 S. E. 105; Rice v. Durham Water Co. (C. C.) 91 Fed. 433; French v. Gapen, 105 U. S. 509, 525, 26 L. Ed. 951.

[3] There still remains, however, the question as to what issues may be raised at the hearing to determine whether the petitioner may be made a party. It is clear that the petition must show affirmatively that the petitioner has an interest in the litigation and that his intervention in the cause is reasonably necessary to the protection of his interest (equity rule, 37 [198 Fed. xxvii, 115 C. C. A. xxvii]; Blossom v. Railroad Co., 1 Wall. 655, 17 L. Ed. 673; Sage v. Railroad Co., 96 U. S. 712, 24 L. Ed. 641; Hovey v. McDonald, 109 U. S. 150, 3 Sup. Ct. 136, 27 L. Ed. 888; Williams v. Morgan, 111 U. S. 684, 699, 4 Sup. Ct. 638, 28 L. Ed. 559; 11 Enc. of Pl. & Pr. 506), and that defects in this regard may there be taken advantage of.

[4] Consequently the crucial question is whether upon the hearing the well-pleaded averments of the petition must be taken as true, or whether their accuracy and truthfulness may be determined upon opposing and supporting affidavits. In Ex parte Gray, 157 Ala. 358, 47 South. 286, 131 Am. St. Rep. 62, 65, in considering the proper practice in cases of intervention, the court said:

"* * * The petition for intervention is then filed, on which the court examines the petition and answer, and such testimony, by affidavit or otherwise, as may be produced, and determines the question as to whether the petitioner shall be allowed to intervene and become a party to the suit."

This is the only case found authorizing the raising of an issue of fact at the hearing had upon the petitioner's right to be made a party. In Henry v. Travelers' Ins. Co., 16 Colo. 179, 26 Pac. 318, on the contrary, the court below had considered a petition of intervention in connection with the other pleadings in the action, and had denied the petitioner's right to intervene. Error was assigned. The Supreme Court said:

"The petition of intervention having been presented in due form and in apt time, the question for our consideration is: Does the petition set forth a state of facts in relation to the parties and the subject-matter of the litigation entitling Henry to be made a party to the action as an intervener? This question must be determined from a consideration of the matters set forth in the petition, taken in connection with the other pleadings and proceedings in the action. In determining this question, whether upon application to file the petition, or upon motion to strike out the petition, or upon demurrer to the petition for insufficiency, the averments of the petition, so far as the same are well pleaded, must be taken as true. Mere uncertainty or ambiguity in the averments of the petition should not be held sufficient to defeat the right of intervention without giving the usual opportunity to amend."

The same court in Wood v. Denver City Waterworks Co., 20 Colo. 253, 38 Pac. 239, 46 Am. St. Rep. 288, in applying the foregoing case, said that it was there held that—

"In determining whether an application to intervene should be allowed, the averments of the petition, so far as the same are well pleaded, must be taken as true."

I find no other cases upon this point. Equity rule 37 (198 Fed. xxvii, 115 C. C. A. xxvii) provides in part:

"Any one *claiming* an interest in the litigation may at any time be permitted to assert his right by intervention. * * *" (Italics ours.)

The language of the rule and, as I think, the sounder reason makes it necessary to conclude that at a hearing upon a petition for intervention the well-pleaded allegations of the petition must be taken as true, and evidence aliunde may not be heard. Consequently, the objection made by the original parties to the cause to the filing by the petitioner of the affidavit in the nature of a replication must be sustained, and the affidavits filed by the original parties to the cause in the nature of answers to the petition must be stricken from the files or ignored.

[5] In view of the foregoing conclusion, and of the fact that the petition alleges that the petitioner is a stockholder of the defendant Oil Company, it becomes necessary now to consider under what circumstances a stockholder of a defendant corporation may be permitted to intervene as a party defendant. It is a well-established rule, to which there are few exceptions, that a stranger to a suit will not be permitted, on his own application and over the objection of the plaintiff, to become a defendant. Ann. Cas. 1913D, 1035; Shields v. Barrow, 17 How. 129, 146, 15 L. Ed. 158; Anderson v. Jacksonville P. & M. R. Co., 1 Fed. Cas. 842, No. 358. But that rule is not absolute, where the person who seeks to be made a party defendant belongs to the class known as quasi parties; that is, "those who are already represented in the suit, or who come within the compass of the proceedings pendente lite," such as stockholders in a corporation. Such persons are recognized as having a status in the suit by representation, and the court may, upon proper showing, make them parties defendant, notwithstanding objections of the plaintiff. Ann. Cas. 1913D, 1036.

[6] Many reasons, such as the appearance of fraud, collusion, or bad faith on the part of the directors of the corporation, or where they stand in a dual relation, which prevents an unprejudiced exercise of judgment, or where a corporation threatens by collusion or otherwise to neglect the proper defense of a suit, have been held sufficient. United Copper Co. v. Amal. Copper Co., 244 U. S. 261, 263, 37 Sup. Ct. 509, 61 L. Ed. 1119; Dickerman v. Northern Trust Co., 176 U. S. 181, 188, 20 Sup. Ct. 311, 44 L. Ed. 423, Ann. Cas. 1913D, 1036, 1037. Where it is alleged that the directors of a defendant corporation refuse to defend a suit to the prejudice of stockholders, a court of equity will permit one or more stockholders to intervene and become parties defendant, so as to file an answer, not for the corporation, but on their own behalf, to protect their own interest, and that of all other stockholders who may choose to join them in the defense. Bronson v. La Crosse Railroad Co., 2 Wall. 283, 302, 17 L. Ed. 725; Guarantee Trust & Safe Deposit Co. v. Duluth & W. R. Co. (C. C.) 70 Fed. 803.

[7] But corporations controlled and managed by the same officers and stockholders have a right to deal with each other. Smith v. Chase & Baker Piano Mfg. Co. (D. C.) 197 Fed. 466, 471; Fletcher's Cyc. Corp. vol. 6, pp. 6848, 6849. As said in Corbus v. Gold Mining Co., 187 U. S. 455, 463, 23 Sup. Ct. 157, 47 L. Ed. 256:

"The directors represent all the stockholders and are presumed to act honestly and according to their best judgment for the interests of all."

[8, 9] A petition founded upon fraud or misconduct, which does not allege definite, tangible facts to sustain the general charge of fraud,

is insufficient and cannot be sustained. Smith v. Chase & Baker Piano Mfg. Co. (D. C.) 197 Fed. 466, 471. A petition by a stockholder, asking leave to be made a party defendant to set up a defense not made by the corporation, must disclose the facts constituting the defense; otherwise, the court has no means of knowing whether the defense, if permitted to be made, would be other than frivolous. 15 R. C. L. 718; State v. J. & M. Paper Co., 4 Boyce (Del.) 246, 255, 88 Atl. 449.

[10] Are the allegations of the petition in the suit at bar sufficient to bring the petitioner within those circumstances which entitle a stockholder to intervene as a party defendant in a suit against the corporation? I think they are not. The petition contains several conclusions of the pleader to the effect that the action of the directors of the Oil Company was controlled by the plaintiff, to its benefit and to the detriment of the minority stockholders of the Oil Company; but these conclusions of the petitioner must be ignored, for allegations of fact from which the court may draw its conclusion in this matter are wholly wanting.

[11] With respect to the defense to be set up the petitioner merely states that he "intends to present by answer facts" to show that the contract of October 5, 1916, is no longer in force, or, failing in this, "to show facts" requiring a different construction to be placed upon that contract than was placed thereon by an agreement of December 27, 1920; but whether the indicated defenses are frivolous or substantial it is impossible to tell, for the facts upon which they are based are not set out in the petition, and the proposed answer was not presented therewith. Should the petition be permitted to stand for an answer, as was permitted by Judge Lurton in Toler v. East Tennessee & C. Ry. Co. (C. C.) 67 Fed. 168, it would contain no well-pleaded defense to the bill of complaint.

The application to be made a party defendant must therefore be denied, and the petition dismissed.