## ATLANTIC REFINING CO. v. PORT LOBOS PETROLEUM CORPORATION
### et al.

### Petition of DENIS.

#### (District Court, D. Delaware. June 13, 1922.)

#### No. 433.

Corporations ⬦506—Petition by stockholder to intervene in suit against corporation held sufficient.

Petition by a stockholder *held* to state facts which entitle him to intervene in a suit against the corporation.

In Equity. Suit by the Atlantic Refining Company against the Port Lobos Petroleum Corporation and the Atlantic Lobos Oil Company. On amended petition of Marcel Denis to intervene as party defendant. Leave granted.

As stated in the opinion on the original application for leave to intervene (280 Fed. 934), the suit was brought to restrain defendants from excluding plaintiff from the use of a pipe line of the defendant oil company, which it claimed the right to use under alleged contracts. Petitioner sought to intervene on behalf of himself and all others similarly situated. The amended petition alleged that the petitioner acquired stock in the defendant oil company in exchange for stock in the defendant Port Lobos Corporation; that, prior to September 15, 1919, there was in existence a contract whereby plaintiff agreed to make a loan to the Port Lobos company for the construction of a pipe line, and the Port Lobos company agreed in consideration thereof to sell a large quantity of crude oil to plaintiff for 25 cents a barrel, and a second contract for an additional loan and the sale of an additional quantity of oil; that plaintiff claims such contracts are in force, and the oil company's board of directors, by reason of fraud, coercion, and collusion. refuses to take any action contrary to such contentions, though the contracts, if valid and subsistent, are ruinous to the interests of the defendants, because oil cannot be transported and produced for 25 cents a barrel. It then alleges the formation of the defendant oil company, pursuant to a contract between the Atlantic Oil Producing Company, a subsidiary of plaintiff, and persons representing the majority stockholders of the Port Lobos company, under which stock in the Port Lobos company was to be exchanged for stock in the new company, and one-half the stock of the new company was to be delivered to the Atlantic Oil Producing Company in exchange for its property; that the contract provided for the dissolution of the Port Lobos company, and that the contract was made with plaintiff's consent; that a circular was sent stockholders, offering the new stock in exchange for stock in the Port Lobos company and referring to the contract just mentioned; that the conclusion drawn therefrom by the stockholders was that the contracts between plaintiff and the Port Lobos Corporation were thereby abrogated; that petitioner was advised by counsel that the dissolution of the Port Lobos Corporation made specific performance of such contracts impossible; that more than 80 per cent. of the stockholders of the Port Lobos Corporation made the exchange, and the corporation could have been dissolved at a comparatively small expense; that the Port Lobos Corporation had repaid plaintiff the amount advanced for the construction of the pipe line; that plaintiff caused the nomination of its counsel as counsel for defendants, and under its instructions he took no steps for the dissolution of the Port Lobos Corporation.

•The contract for the formation of the defendant oil company provided that one-half of the directors should be designated by the Atlantic Oil Producing Company and one-half by the signers representing the Port Lobos stock-

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

holders; but one of those selected by the Port Lobos signers left the country, giving those representing plaintiff's subsidiary, and all of whom are alleged to have been officers or directors of plaintiff, a majority, and plaintiff's vice president was president of the defendant oil corporation and failed to call meetings of the directors. The directors representing plaintiff, as alleged, conspired with plaintiff to divert the property of the oil company and its subsidiaries to plaintiff's use. In pursuance of this conspiracy it is alleged that the president, who was plaintiff's vice president, made a number of contracts for the purchase and sale of oil, utilizing defendant's pipe line for their performance on terms very profitable to plaintiff, but burdensome to the defendant oil company; that when the oil company's directors learned thereof those designated by the Port Lobos signers protested, but those representing plaintiff upheld the president; that thereafter the directors representing plaintiff prepared agreements binding the defendant oil company to carry out the Port Lobos contracts mentioned, and to transport oil contracted for by plaintiff at a price less than cost, and coerced the other directors and a committee representing minority stockholders into their execution, by issuing a call for a special meeting of stockholders to increase the number of directors. It also alleged facts concerning attempts to induce the directors and stockholders to take action to assert the rights of the defendant oil company. It sought to have certain contracts declared terminated or canceled and to have an accounting from plaintiff and the dismissal of the bill.

Ira Jewell Williams, of Philadelphia, Pa., and Charles F. Curley, of Wilmington, Del., for plaintiff.

William G. Mahaffy, of Wilmington, Del., and Winthrop Dwight, of New York City, for defendants.

Andrew C. Gray, of Wilmington, Del., and Alexander Siegel, of New York City, for intervener.

MORRIS, District Judge. In an opinion filed on March 30, 1922 (280 Fed. 934), the prayer of the petition presented by Marcel Denis, a stockholder of the defendant Atlantic Lobos Oil Company, that he be permitted to intervene as a party defendant, was denied for the reasons therein stated. Thereafter the petitioner moved for leave to file an amended petition to intervene, which was exhibited with the motion, and further that, in the event of petitioner's being allowed to intervene, the petition stand as the answer of the petitioner to the bill of complaint. The motion was set down for hearing, and the original parties to the cause were given notice thereof. At the hearing the right of petitioner to amend his petition was not questioned. The debate was directed to the sufficiency of the amended petition to support an order making petitioner a party defendant, or rather to the sufficiency of the facts set up in the petition to constitute a valid defense to the matters alleged in the bill of complaint.

As I view the matter—the right of the petitioner to amend his petition not having been challenged—we are here concerned only with the sufficiency of the amended petition to support an order making petitioner a party defendant, and not with the sufficiency of the facts set up in the petition to constitute, at all events, a defense to plaintiff's suit. The circumstances under which a stockholder of a defendant corporation may be permitted to intervene as a party defendant were considered in the former opinion, and will not be here reviewed. I think it sufficient now to say that in my opinion the petitioner has

brought himself within those circumstances, and shown that the facts to be relied on by him as a defense to plaintiff's suit raise questions that petitioner is entitled to have judicially determined.

The motion for leave to file the amended petition will be granted, the petitioner made a party defendant, and the petition ordered to stand as petitioner's answer to the bill of complaint.

An order in conformity herewith may be presented.