Scott **CUTHILL**, Plaintiff-Appellee,

v.

**ORTMAN–MILLER MACHINE COMPANY**, Defendant-Appellee, and J. Carter Miller, Intervenor-Appellant.

**No. 11184.**

United States Court of Appeals, Seventh Circuit.

Oct. 14, 1954.

Owen W. Crumpacker, Theodore M. Gemberling, Hammond, Ind., for intervenor-appellant.

Lee M. Burkey, Jr., Chicago, Ill., Straley Thorpe, Hammond, Ind., Wm. B. Goodstein, Chicago, Ill., Joseph P. Sullivan, for plaintiff-appellee, Asher, Gubbins & Segall, Chicago, Ill., James J. Richards, Hammond, Ind., of counsel.

Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Appellee Cuthill brought suit in the District Court against appellee Ortman-Miller Machine Company to recover unpaid overtime compensation, damages and attorneys' fees, which he claimed due him under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. In its answer to the complaint, the company admitted that the plaintiff was a part-time employee but denied that it owed him any of the sums demanded. In answers to interrogatories propounded, it declared that plaintiff was not its employee but was hired by its tax attorney and accountant; it denied owing him anything. At the trial, at which the corporation offered no evidence, judgment for plaintiff was entered in the sum of $4,100 on December 21, 1953, and, on the same day satisfied by payment in full to the clerk of the court.

On the following day appellant filed a motion for leave to intervene, which the court denied on January 28, 1954. On January 30 he filed his amended petition for leave to intervene. He averred that he owned 20% of the corporate capital stock; that he had served as president from 1945 until March 1952; that, early in 1952, his corporate associates and their attorney fraudulently attempted to force him out of the business and to deprive him of his investment. Though the averments were in great detail, no good purpose would be served by repeating

them here. Suffice it to say, appellant, upon particularized averments, charged that the parties named had deliberately planned to defraud him, the company and the court; that the company's officials and its counsel well knew that the corporation owed Cuthill nothing and wrongfully failed to resist his suit; that Cuthill knew that the company owed him nothing; that the company deliberately concealed its valid defense from the trial court; that, as a result of the charged collusion, a fraudulent judgment was entered and $4,100 of the corporate funds placed in the hands of the court to satisfy it and unless relief could be had, would be wrongfully diverted by satisfaction of the fraudulent judgment; and that counsel for the corporation had deliberately failed to act for and in the corporate interest. He prayed that upon his intervention, the court, upon hearing, set aside the judgment and permit proper defense to be made to Cuthill's alleged fraudulent claim. April 15, 1954, the court denied the motion for leave to intervene. From this order appellant has appealed, asserting that the court erred in denying him relief. Both appellees, plaintiff and defendant below, insist that the order should be affirmed.

■■■ Rule 24(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides that upon timely application one shall be permitted to intervene (a) when the "representation of the applicant's interest by existing parties" is inadequate and the applicant is or may be bound by a judgment in the action, or (b) when the applicant "is so situated as to be adversely affected by" disposition of property in the custody or control of the court or an officer thereof. Comparing the mandatory provisions of the rule with the averments of appellant's petition, it is obvious that he has brought himself within the rule by charging explicitly that as a stockholder he had a substantial interest in the $4,100 then in the custody of the court; that the corporation's interests, including appellant's, were not adequately represented in that the company and its counsel had

permitted a fraudulent judgment to be entered; and that if corporate funds were improperly diverted in satisfaction of the allegedly fraudulent judgment, his interests would be adversely affected. In this situation the court could not properly do otherwise than permit him to present his case. Thus, in Pellegrino v. Nesbit, 9 Cir., 203 F.2d 463, at page 465, the court said: "Intervention should be allowed even after a final judgment where it is necessary to preserve some right which cannot otherwise be protected." In Price v. Gurney, 324 U.S. 100, at page 105, 65 S.Ct. 513, at page 516, 89 L.Ed. 776, the court said: " * * [I]f a corporation has a defense to an action against it and is not asserting it, a stockholder may intervene and defend on behalf of the corporation." See also to the same effect Atlantic Refining Co. v. Port Lobos Petroleum Corp., D.C., 280 F. 934, subsequent opinions, D.C., 283 F. 681 and D.C., 283 F. 701; Hawes v. City of Oakland, 104 U.S. 450, 26 L.Ed. 827.

■■ The facts pleaded were sufficient to justify appellant's fears; they brought him within the doctrine enunciated by the Supreme Court in United States v. Throckmorton, 98 U.S. 61, at page 65, 25 L.Ed. 93, where the court said: "Where the unsuccessful party has been prevented from exhibiting fully his case by fraud or deception practiced on him by his opponent as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side,—these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and fair hearing." Citing cases. See also U. S. v. Kusche,

D.C., 56 F.Supp. 201, at page 216. Here appellant pleaded with particularity and great detail facts tending to show that there had been no adversary trial of the issue in the case; that this situation emanated from the collusion of the original parties; that appellant's interests were adversely affected and that no adequate representation of his and the corporate interests had been supplied. Inasmuch as Rule 60(b) endows the court with power to vacate any fraudulent judgment, plaintiff was entitled to be heard upon his averments. Obviously the District Court has inherent power to investigate such averments of fraud. Hazel-Atlas Co. v. Hartford Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250; Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575, 66 S.Ct. 1176, 90 L.Ed. 1447. Indeed under Rule 60(b) the prescribed remedy for relief from a vulnerable judgment is by way of motion or independent action. Review by *coram nobis, coram vobis, audita querela,* bills of review and bills in the nature of bills of review are abolished.

It is suggested that the order denying intervention is not appealable. We do not agree. In Brotherhood of Railroad Trainmen v. Baltimore & Ohio Railroad Co., 331 U.S. 519, at page 524, 67 S.Ct. 1387, at page 1390, 91 L.Ed. 1646 the court said: "But where a statute or the practical necessities grant the applicant an absolute right to intervene, the order denying intervention becomes appealable. Then it may fairly be said that the applicant is adversely affected by the denial, there being no other way in which he can better assert the particular interest which warrants intervention in this instance. And since he cannot appeal from any subsequent order or judgment in the proceeding unless he does intervene, the order denying intervention has the degree of definitiveness which supports an appeal therefrom. See Missouri-Kansas Pipe Line Co. v. United States, 312 U.S. 502, 508, 665, 61 S.Ct. 666, 668, 85 L.Ed. 975." This was adhered to in Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, at page 513,

70 S.Ct. 322, 94 L.Ed. 299. See also Missouri-Kansas Pipe Line Co. v. United States, 312 U.S. 502, at page 508, 665, 61 S.Ct. 666, 85 L.Ed. 975. As the Court of Appeals for the Ninth Circuit aptly said, in Pellegrino v. Nesbit, supra, 203 F.2d at page 466: "Where, as here, intervention is sought as a matter of right, an order denying intervention has the degree of definiteness and finality necessary to support an appeal therefrom, since there is no other way in which the stockholder can assert the particular interest which he alleges warrants intervention." To the same effect are Wolpe v. Poretsky, 79 U.S.App.D.C. 141, 144 F.2d 505, at page 508, and People of the State of California v. United States, 9 Cir., 180 F.2d 596. This court has heretofore recognized the propriety of an appeal from such an order in Pure Oil Co. v. Ross, 7 Cir., 170 F.2d 651.

We know not what proof appellant may be able to produce, but we are of the opinion that he should be permitted to intervene and have his day in court. The order is reversed with directions to proceed accordingly.