BASLE THEATRES, INC., a Pennsylvania corporation, Plaintiff

v.

WARNER BROS. PICTURES DISTRIBUTING CORPORATION, a New York corporation; Loew's, Incorporated, a Delaware corporation; RKO Radio Pictures, Inc., a Delaware corporation; Twentieth Century-Fox Film Corporation, a New York corporation; Universal Film Exchanges, Inc., a Delaware corporation; United Artist Corporation, a Delaware corporation, Defendants.

Civ. A. No. 12711.

United States District Court
W. D. Pennsylvania.

Oct. 8, 1959.

Seymour Simon, Chicago, Ill., and Robert Ceisler, Washington, Pa., for plaintiff.

Elliott W. Finkel, Pittsburgh, Pa., for interveners.

Charles Denby and Robert F. Banks, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendants.

McILVAINE, District Judge.

In this case the plaintiff, Basle Theatres, Inc., filed its complaint and prosecuted its action against the defendants in which it claimed that they had engaged in a conspiracy in restraint of trade. This Court found that all the defendants except one here engaged in the conspiracy, and it entered what it deemed an appropriate decree. 168 F. Supp. 553. The defendants appealed to the United States Court of Appeals, but

while the appeal was pending the plaintiff and the defendants reached an amicable settlement and dismissed the appeal. Thereafter the interveners filed their petition to intervene alleging that the action of the defendants subsequent to the Court's decree was hurting them and prejudicial to their rights. It is significant to note at this point that the principal law suit was well known to all of the interveners. The case was well publicized in the trade, and the trial lasted over a considerable length of time during which many interested people were present, many of course merely as spectators, but there is no doubt in the Court's mind that those who seek to intervene knew of the pendency of the suit.

 Before intervention may be had either as a right or permissively, there must be timely application; therefore, the first question that we must determine is whether there was timely application for intervention. Timeliness, of course, does not depend solely on the amount of time that has elapsed since the institution of the action, and in this case it was several years. While intervention has been allowed several years after commencement of a suit, it is in those cases allowed when substantial litigation has not taken place. Where there is substantial litigation, tardy intervention will usually be denied. Intervention after judgment is unusual and not often granted. See Vol. 4, Moore's Federal Practice, § 24.13.

The interveners here are not despite their protestations bound by any judgment of this Court. The effect of the Court's decree was to order the defendants to cease from their conspiracy and to make their decisions on clearances independently within the broad area set out by the Court's decree.

 Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C., is silent as to what constitutes timely application, and the question must be answered in each case by the exercise of sound discretion by the trial court. See Vol. 7, Cyclopedia of Federal Practice, § 24.31.

 Under the circumstances involved here, we do not think that the application for intervention is timely. In exercising our discretion in this matter, we have considered not only the time element itself, but also the circumstances contributing to the delay. In that regard we might say we do not see any reason why these interveners could not have sought intervention much earlier. The Court should also consider the state of the cause. That is, as we have pointed out, the case has been concluded; a decree entered; and the parties have reached an amicable settlement and dismissed their appeal. The applicants for intervention here have in effect slept on their rights, and now they want this Court in effect to administer the motion picture industry in the distribution of motion pictures in Western Pennsylvania. We do not feel that this is a function of a district court. There is no absolute right of intervention in this case. First, because the application is not timely; and, of course, there is no statute of the United States confirming an unconditional right to intervene. Those seeking to intervene are not parties who have anyone inadequately representing an interest of theirs, and there is no property being distributed by the Court in which they are interested.

As to whether there should be permissive intervention, here again we do not feel their application is timely. There is no statute conferring a right upon them to intervene and, of course, the case has been tried to its conclusion; a decree entered; and the original parties to the case have reached an amicable settlement of their differences; and the Court by its decree has taken steps to eliminate the unlawful situation that it found.

If these interveners feel that there is still an unlawful conspiracy being engaged in by these defendants, they being

represented by competent counsel surely know how to proceed against anyone engaging in an unlawful conspiracy.

Therefore, their motion to intervene should be and hereby is denied.