**MINERSVILLE COAL COMPANY, INC., et al., Plaintiffs,**

v.

**ANTHRACITE EXPORT ASSOCIATION et al., Defendants.**

**Civ. A. No. 68–428.**

United States District Court,
M. D. Pennsylvania.

Feb. 5, 1973.

On Motion for Reconsideration
Feb. 22, 1973.

See also, D.C., 55 F.R.D. 429.

Thomas C. Raup, Williamsport, Pa., Richard Hirshberg, Washington, D. C., for plaintiffs.

Stanley D. Robinson, New York City, for all defendants.

Hopkin T. Rowlands, Jr., Wilkes-Barre, Pa., for defendant Susquehanna Coal Co.

James J. Riley, III, Pottsville, Pa., for Legal Coal Co.

## OPINION

MUIR, District Judge.

On December 5, 1972, Legal Coal Company filed a motion to intervene in this civil anti-trust action which was settled and discontinued with prejudice in July, 1972. This motion comes before the Court in an apparently unprecedented procedural posture which will be set forth in some detail below.

The original complaint in this action, filed on October 18, 1968, named Legal Coal Company, among others, as a Plaintiff. A plethora of pre-trial motions and maneuvers followed. On July 15, 1971, the Honorable William J. Nealon of this Court granted a motion presented on behalf of the original Plaintiffs to add certain additional Plaintiffs to the action and to delete some of the original Plaintiffs, including Legal Coal Company. Almost precisely one year thereafter, on July 19, 1972, a settlement of the suit for $950,000 was agreed upon between the then Plaintiffs and Defendants. Shortly thereafter the settlement monies were paid over to counsel for the then Plaintiffs and the action discontinued with prejudice with the approval of this Court. On December 5, 1972, Legal Coal Company filed the instant motion to intervene.

Legal Coal Company asserts that it was not notified by its attorneys or otherwise until September 5, 1972 that it had been dropped from the suit. It contends that the discontinuance should therefore be set aside so that it may intervene. Assuming for purposes of deciding this motion that Legal Coal Company was not notified that it had been dropped until after the discontinuance, a fact which is disputed by the Plaintiffs who participated in the settlement, it is nevertheless my view that the motion should not be granted.

Intervention in an action is permissible only upon timely application. Fed.R.Civ.P. 24.[1] If the intervention is of right, a more liberal standard of time-

1. Rule 24, sub-paragraphs (a) and (b) read as follows:

"(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and

liness applies than if it is permissive intervention. McDonald v. E. J. Lavino Co., 430 F.2d 1065, 1073 (5th Cir. 1970); Cameron v. President & Fellows of Harvard College, 157 F.2d 993, 996 (1st Cir. 1946); Chemical Bank N. Y. Trust Co. v. Steamship Westhampton, 268 F. Supp. 169, n. 11 at 173 (D.Md.1967). Because Legal Coal Company is barred by the statute of limitations from now instituting a new suit against the Defendants in this action, its application would appear to fall within the second category of interventions of right set forth in Rule 24(a): "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." However, the standard of timeliness applicable here is a liberal one in a relative sense only. An application filed after an action has been concluded is allowed only where unusual and compelling circumstances are demonstrated. McDonald v. E. J. Lavino Co., 430 F.2d 1065, 1072 (5th Cir. 1970); United States v. Blue Chip Stamp Co., 272 F.Supp. 432, 435–436 (C.D.Cal.1967); aff'd Thrifty Shoppers Scrip Co. v. United States, 389 U.S. 580, 88 S.Ct. 693, 19 L.Ed.2d 781 (1968); Foote v. Parsons Non-Skid Co., 196 F. 951 (6th Cir. 1912); Basle Theatres, Inc. v. Warner Bros. Pictures Dist. Corp., 24 F.R.D. 476, 477 (W.D.Pa.1959); United States v. Wilhelm Reich Founda-tion, 17 F.R.D. 96, 102 (D.Me.1954); see Smuck v. Hobson, 132 U.S.App.D.C. 372, 408 F.2d 175, 181 (1969); Annot., 37 A.L.R.2d 1306 (1954). The unusual circumstances of this case, assuming Legal Coal Company's claims are true, are that it was dropped from the suit and a settlement was reached without its knowledge, and that the statute of limitations had run by the time it became aware of the settlement. Although these circumstances are certainly unusual, I do not find them persuasive in favor of intervention here.

My research has disclosed but two cases in which intervention was held to be proper at the trial court level despite the entry of a final judgment and in which subrogation rights of the intervenor or functions of a governmental agency were not involved. In the first of these, Cuthill v. Ortman-Miller Machine Company, 216 F.2d 336 (7th Cir. 1954), collusion between the plaintiff and the defendant in the suit was alleged. In the second, Hurd v. Illinois Bell Telephone Company, 234 F.2d 942 (7th Cir. 1956), those opposing the intervention did not "loudly contend" that intervention would "in any way prejudice their rights." 234 F.2d at 944.

In the case at bar, no collusion between the plaintiffs and the defendants who were parties to the settlement is claimed. Those parties would be severely prejudiced if the settlement were upset by intervention at this late date. Furthermore, it appears that Legal Coal Company has an adequate alternative reme-

he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
"(b) *Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

dy: to sue the attorney or attorneys who allegedly dropped it as a party Plaintiff without notice. In light of these factors, it is my view that Legal Coal Company's application is untimely.

An Order in accordance with this Opinion denying Legal Coal Company's motion to intervene will be entered.

## ON MOTION FOR RECONSIDERATION

The background of this order is as follows:

Legal Coal Company has moved for reconsideration of the order of this court dated February 5, 1973 denying its motion to intervene in the above-captioned action. It contends that the statement in the court's opinion in support of said denial that "no wrongdoing on the part of the parties to the settlement is claimed" is erroneous since fraud and malfeasance on the part of members of Plaintiffs' committee was alleged.

The statement referred to above was intended to distinguish the instant case from Cuthill v. Ortman-Miller Machine Company, 216 F.2d 336 (7th Cir. 1954). *Cuthill* was cited in the paragraph preceding the one in which the statement now under attack is found because it involved an allegation of "wrongdoing by the parties to the suit." As a reading of that case indicates, the "wrongdoing" was collusion between the plaintiff and the defendant. In the case at bar, no such collusion is alleged. This absence is fatal to Legal Coal Company's motion to intervene for reasons set forth in the penultimate paragraph of the opinion. Accordingly, it is appropriate to eliminate the ambiguity from the opinion and to deny Legal Coal Company's motion for reconsideration.

Now, therefore, it is ordered that:

1. Legal Coal Company's motion for reconsideration of the order of this court dated February 5, 1973 is denied.

2. The opinion of this court dated February 5, 1973 in the above-captioned case will be amended as follows:

(a) on p. 614, the sentence presently reading:

"In the first of these, Cuthill v. Ortman-Miller Machine Company, 216 F.2d 336 (7th Cir. 1954), wrongdoing by the parties to the suit was alleged."

shall be amended to read:

"In the first of these, Cuthill v. Ortman-Miller Machine Company, 216 F.2d 336 (7th Cir. 1954), collusion between the plaintiff and the defendant in the suit was alleged."

(b) on p. 614, the sentence presently reading:

"In the case at bar, no wrongdoing on the part of the parties to the settlement is claimed."

shall be amended to read:

"In the case at bar, no collusion between the plaintiffs and the defendants who were parties to the settlement is claimed."